IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-46,779-03 and


WR-46,779-04





EX PARTE WILSON DEWAYNE ANSLEY, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NUMBERS W8625A2 AND W8626A2 IN THE 47TH

DISTRICT COURT RANDALL COUNTY 



 



 Per curiam.



O R D E R



 These are applications for writs of habeas corpus that were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled not guilty to sexual assault of a child and aggravated sexual assault
of a child. A jury found him guilty of each offense and sentenced him to a term of twenty
years in prison for the sexual assault and a term of life in prison for the aggravated sexual
assault. The convictions were affirmed on direct appeal in an unpublished decision. Ansley
v. State, Nos. 07-96-0224-CR and 07-96-0225-CR (Tex. App.--Amarillo August 26, 1998,
pet. dism.).

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
convictions are unconstitutional under Carmell v. State, 529 U.S. 513 (2000), that appellate
counsel was ineffective for failing to challenge the testimony of the child-victims as
uncorroborated, and that the prosecutions were barred by the applicable statutes of
limitations. The State has provided a response to Applicant's claims.

 In its response, the State makes reference to trial testimony and provides citations to
the reporter's record from the trial. The record provided to this Court, however, did not
contain the relevant portions of the reporter's record. Thus, the trial court was ordered to
have the Randall County District Attorney file the relevant portions of the trial transcript to
which it referred in its answer and to supplement the record to this Court with the additional
information.

 A supplement has been received containing a transcription. The transcription
provided, however, appears to be from the voir dire examination of potential jurors at the
first trial that resulted in a reversal on appeal and not from the testimony presented at the
second trial and to which the State apparently refers in its answer. Thus, the trial court shall
order the Randall County District Attorney to file the correct and relevant portions of the trial
transcript to which it refers in its answer and to supplement the record to this Court with the
additional information.

 Further, because this Court does not hear evidence, Ex parte Rodriguez, 334 S.W.2d
294, 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas corpus
will be held in abeyance pending the trial court's compliance with this order. Resolution
shall be accomplished by the trial court within 30 days of the date of this order. (1) The
supplemental transcript shall be returned to this Court within 45 days of the date of this
order. (2)




DELIVERED: October 4, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.